UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| GINA ZAHRAN | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| vs. | ) | |
| | ) | |
| BROWARD HEALTH ACO SERVICES, INC. | ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**NATURE OF ACTION**

1. Plaintiff Gina Zahran ("Plaintiff") brings this action against Defendant Broward Health ACO Services, Inc. ("Defendant") pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat. § 75-50 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*

**JURISDICTION, VENUE, AND STANDING**

2. This Court has jurisdiction pursuant to 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

1

4. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5. "Courts have consistently held that allegations of nuisance and invasion of privacy in TCPA actions are sufficient to state a concrete injury under Article III." *Hewlett v. Consol. World Travel, Inc.*, 2016 WL 4466536, at *2 (E.D. Cal. Aug. 23, 2016) ("The purpose and history of the TCPA thus suggest that Congress sought to curb the 'aggravation, nuisance, and invasion of privacy' that plaintiff alleges here, which resulted from defendant's alleged use of an ATDS to call plaintiff despite plaintiff's repeated requests for those autodialed calls to stop.").

## THE TELEPHONE CONSUMER PROTECTION ACT

6. Congress enacted the TCPA due to widespread concern over the invasion of privacy caused by the proliferation of automatic and prerecorded phone calls. *See Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012).

7. In enacting the TCPA, Congress found that "'unrestricted telemarketing . . . can be an intrusive invasion of privacy.' In particular, Congress reported, 'many consumers are outraged over the proliferation of intrusive nuisance calls to their homes.'" *Id.* (citing S.Rep. No. 102-178, at 4-5, reprinted in 1991 U.S.C.C.A.N. at 1972).

8. The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

9. The TCPA gives a private right of action to individuals that allows for both injunctive relief as well as monetary damages. Damages are calculated by the greater of actual damages or $500 for each violation of the statute. 47 U.S.C. § 227(b)(3)(B).

10. Under the TCPA, subscribers of wireless service and customary users of a telephone number, who are called in violation of the TCPA, have standing to bring a TCPA suit. *See Lee v. Loandepot.com, LLC*, 14-CV-01084-EFM, 2016 WL 4382786, at *4 (D. Kan. Aug. 17, 2016); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (F.C.C. 2015) ("'[C]alled party' is best understood to mean the subscriber to whom the dialed wireless number is assigned because the subscriber is 'charged

for the call' and, along with a non-subscriber customary user, is the person whose privacy is interrupted by unwanted calls.").

11. "If the court finds that the Defendant willfully or knowingly violated this subsection" the court may "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3)(C).

## THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

12. Similar to the Fair Debt Collection Practices Act, the FCCPA, Florida's consumer protection statute, was enacted as a means of regulating the activities of consumer collection agencies within the state. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010).

13. "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Laughlin v. Household Bank, Ltd.*, 969 So. 2d 509, 512 (Fla. 1st Dist. App. 2007) (quoting *Harris v. Beneficial Fin. Co. of Jacksonville*, 338 So. 2d 196, 200-01 (Fla. 1976)).

14. "The FCCPA is to be construed in a manner that is protective of the consumer." *Id.* With this in mind, the FCCPA is meant to be read, "in addition to the requirements and regulations of the federal act [the FDCPA]. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. § 559.552.

4

15. The FCCPA provides that "[i]n collecting consumer debts, no person shall . . . Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. § 559.72(7).

16. "Whether communication was frequent enough to constitute harassment is generally a jury question. Proof of frequent calls, continuing after the plaintiff told the defendant to stop calling, is sufficient to demonstrate a triable issue of fact." *Smith v. MarkOne Fin., LLC*, No. 3:13-cv-933-J-32MCR, 2015 WL 419005, at *6 (M.D. Fla. Feb. 2, 2015) (citing *Story v. J. M. Fields, Inc*., 343 So. 2d 675, 677 (Fla. Dist. Ct. App. 1977)) (internal citation omitted).

17. In addition to actual and statutory damages, the FCCPA also provides for punitive damages. "It clearly appears to have been the intent of the Legislature to provide a remedy for a class of injury where damages are difficult to prove and at the same time provide a penalty to dissuade parties . . . from engaging in collection practices which may have been heretofore tolerated industry wide." *Laughlin*, 969 So. 2d at 513 (quoting *Harris*, 338 So. 2d at 200).

**THE NORTH CAROLINA DEBT COLLECTION ACT**

18. The NCDCA is "patterned after the FDCPA" and prohibits much of the same conduct and is evaluated with a similar goal of consumer protection as the FDCPA. *McWirther v. Telecheck Servs., Inc.*, No. 3:99CV216MU, 1999 WL

5

33261239, at *3 (W.D.N.C. Dec. 1, 1999); *see also DIRECTV, Inc. v. Cephas*, 294 F. Supp. 2d 760, 764 at n.2 (M.D.N.C. 2003) ("The purpose of both [the FDCPA and the NCDCA] is to protect consumers from unfair or deceptive practices by debt collectors.").

19. "Unlike the FDCPA, [the NCDCA] does not limit the definition of debt collector only to those collecting debts on behalf of others; any person engaging in debt collection from a consumer falls within the statutory definition." *Davis Lake Cmty. Ass'n, Inc. v. Feldmann*, 138 N.C. App. 292, 295, 530 S.E.2d 865, 868 (2000).

20. "The NCDCA prohibits a 'debt collector' from using unfair debt collection practices, including the use of threats, coercion, harassment, unreasonable publications of the consumer's debt, deceptive representations, or other unconscionable means to collect a 'debt' from a 'consumer.'" *Ross v. Washington Mut. Bank*, 566 F. Supp. 2d 468, 479 (E.D.N.C. 2008).

21. "Any debt collector who fails to comply with any provision of this Article with respect to any person is liable to such person in a private action in an amount equal to the sum of (i) any actual damage sustained by such person as a result of such failure and (ii) civil penalties the court may allow, but not less than five hundred dollars ($500.00) nor greater than four thousand dollars ($4,000) for each violation." N.C. Gen. Stat. § 75-56(b).

6

## PARTIES

22. Plaintiff is a natural person who at all relevant times resided in the State of North Carolina, County of Mecklenburg, and City of Charlotte.

23. Plaintiff is a "consumer" as defined by N.C. Gen. Stat. § 75-50(1).

24. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

25. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by N.C. Gen. Stat. § 75-50(2).

26. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by Fla. Stat. § 559.55(6)

27. Defendant is a "debt collector" as defined by N.C. Gen. Stat. § 75-50(3).

28. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

29. Plaintiff is subscribed to a cellular telephone service and has been assigned a wireless number in connection with such subscription.

30. In or around August 2015, Plaintiff received emergency medical services rendered by Defendant.

31. Due to Plaintiff's negative experience with Defendant, she was assured during a phone call in or around November 2015 that the copay for the bills associated with the services would not be owed.

7

32. However, Defendant continued to place calls to Plaintiff in effort to seek payment.

33. Plaintiff has made several payments to Defendant, for which she has not received proper credit.

34. Plaintiff spoke with Defendant in or around November 2016, and told Defendant to stop calling her.

35. Thus, to the extent Defendant had Plaintiff's prior express consent to place calls to Plaintiff's wireless number, such consent was revoked no later than November 2016.

36. Defendant placed multiple additional calls to Plaintiff's wireless number.

37. Many times when Plaintiff would answer the calls, she would hear clicking sounds or beeps, as well as long time delays before hearing anyone speak.

38. Plaintiff has received approximately 450 telephone calls from Defendant since November 2016.

39. Plaintiff feels harassed by receiving so many calls from Defendant after she had told them to stop.

40. Upon information and belief, the telephone calls identified above were placed to Plaintiff's wireless number using an automatic telephone dialing system.

41. Defendant did not place any calls to Plaintiff's wireless number for emergency purposes.

42. Defendant did not have Plaintiff's prior express consent to make any calls to Plaintiff's wireless number.

43. Upon information and belief, Defendant voluntarily placed the calls identified above to Plaintiff's wireless number.

44. Upon information and belief, Defendant placed all calls to Plaintiff's wireless number under its own free will.

45. Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system to place each of the calls identified above.

46. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the calls identified above.

47. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's wireless number, which may reveal the existence of additional violations beyond those pleaded above.

48. Because Defendant continued to place calls and text messages to Plaintiff's wireless number, Plaintiff sought the assistance of an attorney and retained Thompson Consumer Law Group.

49. On February 5, 2018, Plaintiff's counsel sent Defendant a notice of representation letter.

50. A true and correct copy of the February 5, 2018 notice of representation letter is attached to this complaint as Exhibit A.

9

51. The February 5, 2018 notice of representation letter demanded that Defendant cease all communication with Plaintiff and direct any future contact and correspondence to Plaintiff's counsel. See Exhibit A.

52. On February 8, 2018, Defendant sent Plaintiff's counsel correspondence confirming receipt of the February 5, 2018 notice of representation letter.

53. A true and correct copy of the February 8, 2018 letter is attached to this complaint as Exhibit B.

54. Defendant's February 8, 2018 letter also informed Plaintiff's counsel that it required "your office to provide a HIPAA Authorization to Release Health Information signed by your client/our patient. Please fax that information to 954-847-4138. Upon receipt of this information we will be able to provide further detail on the account and discuss the allegations set forth in the draft complaint sent by your office." Exhibit B.

55. Despite Defendant's confirmation that it had received Plaintiff's counsel's notice of representation letter which unequivocally instructed Defendant to cease all contact with Plaintiff, Defendant continued to place calls to Plaintiff's wireless number.

56. On February 14, 2018, the office of Plaintiff's counsel faxed Plaintiff's signed HIPAA release to Defendant.

57. However, to date, Defendant has failed to contact Plaintiff's counsel to discuss the instant allegations.

10

Case 3:18-cv-00139-FDW-DCK   Document 1   Filed 03/19/18   Page 10 of 17

58. Defendant knowing placed the following calls to Plaintiff's wireless number after it knew that Plaintiff was represented by an attorney:

1. February 14, 2018 at 8:48 A.M.;
2. February 14, 2018 at 8:52 A.M.;
3. February 21, 2018 at 8:43 A.M.;
4. February 21, 2018 at 9:00 A.M.;
5. February 22, 2018 at 8:31 A.M.;
6. February 22, 2018 at 8:41 A.M.;
7. February 22, 2018 at 8:47 A.M.;
8. February 27, 2018 at 8:33 A.M.;
9. February 27, 2018 at 8:56 A.M.;
10. March 1, 2018 at 8:46 A.M;
11. March 6, 2018 at 9:53 A.M.;
12. March 6, 2018 at 10:15 A.M.;
13. March 6, 2018 at 10:55 A.M.;
14. March 8, 2018 at 8:42 A.M.;
15. March 13, 2018 at 8:36 A.M.;
16. March 15, 2018 at 8:26 A.M.;
17. March 15, 2018 at 8:43 A.M.; and
18. March 15, 2018 at 9:06 A.M.

59. As of February 8, 2018, Defendant knew that Plaintiff was represented by an attorney.

60. As of February 8, 2018, Defendant had no reason to contact Plaintiff with respect to the details of Plaintiff's alleged claims.

61. At no point in time did Plaintiff's counsel consent to Defendant directly communicating with Plaintiff.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

62. Plaintiff repeats and re-alleges each factual allegation above.

63. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF N.C. GEN. STAT. § 75-52(3)

64. Plaintiff repeats and re-alleges each factual allegation above.

65. Defendant violated N.C. Gen. Stat. § 75-52(3) by causing a telephone to ring or engaging Plaintiff in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to Plaintiff under the circumstances.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated N.C. Gen. Stat. § 75-52(3);

b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b);

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 75-56(b);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF N.C. GEN. STAT. § 75-55(3)

66. Plaintiff repeats and re-alleges each factual allegation above.

67. Defendant violated N.C. Gen. Stat. § 75-55(3) by communicating with Plaintiff (other than a statement of account used in the normal course of business) upon notification by Plaintiff's attorney that she represents Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated N.C. Gen. Stat. § 75-55(3);

b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b);

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 75-56(b);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF FLA. STAT. § 559.72(7)

68. Plaintiff repeats and re-alleges each factual allegation above.

69. Defendant violated Fla. Stat. § 559.72(7) by willfully communicating with Plaintiff with such frequency as would reasonably be expected to harass Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated Fla. Stat. § 559.72(7);

b) Awarding Plaintiff statutory damages, pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to Fla. Stat. § 559.77(2);

d) Awarding Plaintiff punitive damages, pursuant to Fla. Stat. § 559.77(2);

e) Awarding Plaintiff such equitable relief as the Court deems necessary or proper, including enjoining Defendant from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.77(2);

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF FLA. STAT. § 559.72(18)

70. Plaintiff repeats and re-alleges each factual allegation above.

71. Defendant violated Fla. Stat. § 559.72(18) by communicating with Plaintiff when it knew that Plaintiff was represented by an attorney.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

15

a) Adjudging that Defendant violated Fla. Stat. § 559.72(18);

b) Awarding Plaintiff statutory damages, pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to Fla. Stat. § 559.77(2);

d) Awarding Plaintiff punitive damages, pursuant to Fla. Stat. § 559.77(2);

e) Awarding Plaintiff such equitable relief as the Court deems necessary or proper, including enjoining Defendant from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.77(2);

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

72. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: March 19, 2018.

                                        Respectfully submitted,

                                        /s/ Holly E. Dowd
                                        Holly E. Dowd (N.C. Bar No. 37533)
                                        Thompson Consumer Law Group, PLLC

822 Camborne Place
Charlotte, NC 28210
Telephone: (888) 332-7252 ext. 260
Facsimile: (866) 317-2674
hdowd@consumerlawinfo.com
Attorneys for Plaintiff